IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATALIE J. PAINE,

                Plaintiff,         Case No. 3:08 CV 67

  -vs-

                                        MEMORANDUM OPINION

PARAMJIT SINGH, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiff's motion to remand the case to state court. Doc. 4.

**I.    Background**

Plaintiff Natalie J. Paine was a truck driver for J.B. Hunt Transportation, Inc. (hereinafter J.B. Hunt). Doc. 5 at 2. On November 10, 2005, Plaintiff was involved in a motor vehicle accident with Defendant Paramjit Singh, a driver for TNT Logistics North America (hereinafter TNT). Doc. 1 at 2, ¶ 2. Plaintiff alleges that the accident caused her "to suffer severe and permanent personal injuries . . . a loss of time and income from employment . . . great pain of body and mind, a loss of enjoyment of life, [and] mental anguish . . . ." Doc. 1 at 3, ¶ 4. To date, Plaintiff has incurred actual medical expenses totaling $6,379.75. Doc. 5 at 2, DOC 5-3.

On November 6, 2007, Plaintiff filed a lawsuit in the Wood County Court of Common Pleas seeking damages for the accident. Doc. 1-2. Plaintiff's complaint names Singh, TNT, five unknown John Does, and Illinois National Insurance Company (hereinafter Illinois National) – Plaintiff's insurer – as defendants. Doc. 1-2. The complaint contains three separate Counts:

Count I names John Does 1-5 for "negligently entrust[ing Defendant Singh] to operate a motor vehicle;" Count II names TNT as vicariously liable under the doctrine of *respondeat superior*; and Count III names Illinois National as responsible under the insurance policy owned by Plaintiff. Doc. 1-2. Each of the three Counts states that Defendants are jointly and severally liable for "an amount which exceeds Twenty-Five Thousand Dollars ($25,000.00), together with interest and the costs of [the] action." Doc. 1-2.

On January 10, 2008 Defendant TNT removed the case to the Northern District of Ohio, asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Doc 1. Specifically, Defendant claims that the parties have diverse citizenship and the amount in controversy exceeds $75,000. Doc. 5. On January 29, 2008, Plaintiff filed a motion to remand the case back to state court, arguing that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. Doc. 4.

For the reasons stated herein, Plaintiff's motion to remand is granted.

## II. Standard for Removal

Once a defendant removes a case from state to federal court, the plaintiff may challenge the removal, prompting the removing defendant to establish that the case is proper for removal as follows:

> [A] civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $ 75,000, exclusive of costs and interest. 28 U.S.C. 1332(a).

*Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000). The burden is on the removing party:

> The removing party carries the burden of showing that removal is proper. *See Pullman v. Jenkins,* 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Her Majesty the Queen in Right of Province of Ontario v. Detroit,* 874 F.2d 332, 339 (6th Cir.1989). Any doubt as to whether the removal is proper should be resolved in favor of remand to state court. *See* 28 U.S.C. § 1447(c); *see also Union Planters Nat'l Bank v. CBS, Inc.,* 557 F.2d 84, 89 (6th Cir. 1977).

*Lewis v. Exxon Mobil Corp.,* 348 F. Supp. 2d 932, 933 (W.D. Tenn. 2004). To carry its burden, the removing party must show that it is "more likely than not" that the amount in controversy exceeds $75,000. *McMahon v. Alternative Claims Service, Inc.*, 521 F. Supp. 2d 656, 659 (N.D. Ohio 2007) (citing *Rogers*, 230 F.3d at 871).

**III.    Discussion**

The only issue relevant to whether the diversity requirements of § 1332 have been met is whether the amount in controversy exceeds $75,000. Defendant carries the burden of showing that the amount in controversy exceeds this jurisdictional threshold. *Lewis*, 348 F. Supp. 2d at 933. Here, Defendant has not met its burden.

First, Defendant contends that the $75,000 minimum is satisfied because all three Counts in Plaintiff's complaint, each of which exceeds $25,000, must be combined together.

> It is a settled general rule that, in a suit based on diversity of citizenship brought against several defendants on separate and distinct claims depending for their validity upon a common origin, the test of jurisdiction is the amount of each separate claim and not the aggregate amount of the claims.

*Fechheimer Bros. Co. v. Barnwasser*, 146 F.2d 974, 977 (6th Cir. 1945) (citing *World v. O'Neill*, 266 U.S. 292, 295 (1924)). As further clarified by *Clay v. Field*, 138 U.S. 464 (1890),

> [t]he general principle observed in all is, that [(1)] if several persons be joined in a suit in equity or admiralty, and have a common and undivided interest, though separable as between themselves, the amount of their joint claim or liability will be the test of jurisdiction; [(2)] but where their interests are distinct, and they are joined for the sake of convenience only, and because they form a class of parties

3

> whose rights or liabilities arose out of the same transaction, or have relation to a common fund or mass of property sought to be administered, such distinct demands or liabilities cannot be aggregated together for the purpose of giving this court jurisdiction by appeal, but each must stand or fall by itself alone.

*Clay*, 138 U.S. at 479-80. The facts of this matter place it firmly under the second scenario. The interests of the various defendants are distinct, they were joined together for the sake of convenience only, and their liabilities all arise out of the same transaction. As such, aggregation of the three Counts in Plaintiff's complaint is not appropriate, and Defendant is unable to satisfy the amount in controversy requirement on this theory.

Second, Defendant argues that its counterclaim against Plaintiff for $25,000 "must also be considered in respect to the total amount in controversy . . . ." Doc. 5 at 3. Defendant is incorrect. As discussed by this Court in *McMahon v. Alternative Claims Service, Inc.*, "the majority view that a 'court should not consider the value of a defendant's compulsory counterclaim in determining the amount in controversy for removal jurisdiction' . . . is consistent with Sixth Circuit precedent . . . ." 521 F. Supp. 2d at 658. As such, the defendant's counterclaim in *McMahon* was disregarded, and this Court must likewise disregard Defendant's counterclaim in this case.

Third, Defendant impliedly argues that Plaintiff's demand for "interest and costs of the action" should be considered in determining whether the amount in controversy exceeds $75,000. Doc. 5 at 1 ("In addition to the total of $75,000 prayed for in the individual Counts, I-III, Plaintiff also requests interest and costs of the action."). However, as previously noted and well established, "[a] federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, *exclusive of costs and interest*." *Rogers*, 230 F.3d at 871 (citing 28 U.S.C. § 1332) (emphasis added).

Fourth, Defendant claims there is a potential that an award of punitive damages will cause the amount in controversy to exceed the $75,000 minimum. Doc. 5 at 3-4. Conversely, Plaintiff points out that she does not request punitive damages anywhere in her complaint. Doc. 4 at 1-2. In *McMahon*, this Court found that the defendants met their burden to show a required amount in controversy by demonstrating that punitive damages were "arguably awardable under the circumstances" of that case. *McMahon*, 521 F. Supp. 2d. at 660. However, the complaint in *McMahon* specifically pled for punitive damages, *id.* at 657, and the plaintiff was statutorily entitled to punitive damages. *Id.* at 661. Conversely, the complaint in this case is devoid of any reference to punitive damages. *See* Doc. 1-2. Moreover, Defendant has not offered any case law showing that Plaintiff is entitled to punitive damages. *See* Doc. 5 at 3-4. Instead, Defendant has merely noted that under *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007), Plaintiff may later revise her complaint to demand punitive damages. *Id.* If Plaintiff had revised her complaint to include such a demand, Defendant might have been able to meet its burden. However, Plaintiff has taken no such action, and Defendant has not offered any other legal argument to show that punitive damages are "arguably awardable." Therefore, Defendant cannot show that it is "more likely than not" that punitive damages will satisfy the minimum amount in controversy in this case.

Fifth, Defendant contends that Count III of Plaintiff's complaint – which seeks to recover against Plaintiff's insurer, Illinois National – demands the full value of the Illinois National insurance policy. Doc. 5 at 2. Defendant likewise contends that such an award would exceed the $75,000 requirement. *Id.*

It is true that Count III seeks to recover against Illinois National:

5

> Under Ohio Revised Code § 3937.18, Uninsured/Underinsured Motorists' Coverage in an amount equivalent to the policy's liability is provided to an insured, by operation of law, unless the insured has expressly rejected such coverage. In the instant case, Plaintiff did not elect to reject the aforesaid coverage . . . .
>
> WHEREFORE, Plaintiff Natalie J. Paine demands judgment . . . declaring her right to recover pursuant to the terms of the aforesaid insurance policy, up to the maximum Medical Payments benefits allowed, and up to the Uninsured/ Underinsured Motorists per person and/or per accidents limits of the maximum allowed . . . .

Doc. 1-2 at 4-5. Upon referencing this portion of the complaint, however, Defendant simply claims that "[i]t is axiomatic that J.B. Hunt's primary insurance is a policy with a limit in excess of $1M." Doc. 5 at 2. Defendant offers absolutely no evidence to support this statement. Thus, even if Plaintiff is asking for the full value of the insurance policy, there is nothing in the record to indicate that recovery thereof would "more likely than not" amount to over $75,000. As such, Defendant has failed to show that the minimum amount in controversy is satisfied.

Finally, Defendant claims that there is an Ohio Workers' Compensation subrogation lien on any judgment in favor of Plaintiff. Doc. 5 at 2-3. However, Defendant has offered nothing to show that the Bureau of Workers' Compensation would be entitled to an amount in excess of $75,000. *Id*. Instead, Defendant simply states that the amount would be a "substantial sum." *Id*. Defendant has not shown it is "more likely than not" that the amount in controversy exceeds $75,000.

**IV. Conclusion**

For the reasons stated herein, Plaintiff's motion to remand is hereby granted. ( Doc. 4.)

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE

6